**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RICHARD CATRON, individually, and on )
behalf of those similarly situated, )
                                                  )
                         **Plaintiff,** )
                                                  )
v. )
                                                  )    Case No. 13-4073-CM
**COLT ENERGY, INC., et al.,** )

                        **Defendants.** )

## MEMORANDUM AND ORDER

Plaintiff Richard Catron filed this case in the District Court of Wilson County, Kansas, individually and on behalf of those similarly situated. Plaintiff claims that defendants Colt Energy, Inc.; Layne Energy Resources, Inc.; Layne Energy Operating, LLC; and PostRock Midcontinent Production, LLC, successor by merger to Quest Cherokee, LLC, violated law prohibiting restraint of trade in leasing minerals in Southeast Kansas. Specifically, plaintiff claims that defendants allocated markets instead of competing. Defendants removed the case to federal court, basing removal on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The case is now before the court on a number of motions:

- Defendants' Motion to Dismiss (Doc. 7);
- Plaintiff's Motion for Remand (Doc. 14);
- Plaintiff's Motion for Jurisdictional Discovery and Expedited Responses (Doc. 16); and
- Plaintiff's Motion to Stay Proceedings Except for Those Related to Remand and Jurisdictional Discovery (Doc. 19).

The court will address plaintiff's motion for jurisdictional discovery first.

-1-

**I.       Plaintiff's Motion for Jurisdictional Discovery and Expedited Responses (Doc. 16)**

Plaintiff seeks remand based on the "local controversy exception" of CAFA. This exception provides as follows:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)--
>     (A)(i) over a class action in which--
>         (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>         (II) at least 1 defendant is a defendant--
>             (aa) from whom significant relief is sought by members of the plaintiff class;
>             (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>             (cc) who is a citizen of the State in which the action was originally filed; and
>         (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>     (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>     (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

18 U.S.C. § 1332(d)(4). Plaintiff seeks remand under subsection (A), arguing that it is more likely than not that more than two-thirds of the putative class members are Kansas citizens. But in order to properly support his motion for remand, plaintiff asks the court for expedited jurisdictional discovery. Specifically, plaintiff requests that defendants produce two categories of documents:

1. The names and addresses of all royalty owners with leases for gas wells in Southeast Kansas (defined as Wilson, Neosho, Elk, Chautauqua, Montgomery, or Labette counties in Kansas) during the class period (January 1, 2004 to present); and

2. All written agreements between Layne, Colt and/or PostRock/Quest touching upon leases in Southeast Kansas, including the AMI or "Area of Mutual Interest" agreement, and all modifications or amendments to the agreements produced.

And plaintiff asks that defendants respond to the following interrogatories:

1. Identify the total number of royalty owners with leases for gas wells in Southeast Kansas (defined as Wilson, Neosho, Elk, Chautauqua, Montgomery, or Labette counties in Kansas) during the class period (January 1, 2004 to present);

2. Identify by name each royalty owner to whom You (defined as one of the defendants) have mailed or sent a 1099 at an address in a State other than Kansas at any time.

3. Identify by name each royalty owner to whom You (defined as one of the defendants) have mailed or sent a royalty payment at an address in a State other than Kansas for the distribution closest to July 3, 2013.

4. Identify by name each royalty owner to whom You (defined as one of the defendants) have mailed or sent a royalty payment at an address in a State other than Kansas for the distribution closest to March 25, 2013.

Plaintiff asks that the documents be provided within fifteen days of service.

Defendants respond that plaintiff's request is unnecessary and unwarranted. Essentially, defendants do not believe that plaintiff's requests will result in information that will help the court decide plaintiff's motion to remand. They also claim that the information will take some time for defendants to compile and object to providing personal information of putative class members before certification of any class.

Plaintiff phrases his request as one for jurisdictional discovery. But this court has jurisdiction over the case under CAFA. The question is only whether the court is required to decline to exercise that jurisdiction pursuant to the local controversy exception. *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (stating that "[§ 1332(d)(4)] directs district judges to 'decline to exercise' jurisdiction otherwise present and thus is akin to abstention"); *Graphic Commc'ns Local 1B Health & Welfare Fund "A" v. CVS Caremark Corp.*, 646 F.3d 971, 973 (8th Cir. 2011) ("The local controversy provision, which is set apart from the above jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met."); *Serrano v. 180 Connect., Inc.*, 578 F.3d 1018, 1023 (9th Cir. 2007) ("[Section] 1332(d)(4)(A) and (B) require federal courts—although

-3-

they have jurisdiction under § 1332(d)(2)—to 'decline to exercise jurisdiction' when the criteria set forth in those provisions are met. Subsections (d)(4)(A) and (B) are not part of the prima facie elements of jurisdiction."); *see also Gold v. New York Life Ins. Co.*, 730 F.3d 137 (table), 2013 WL 5226183, at *3 (2d Cir. 2013) (considering 1332(d)(4)(B)). In other words, this is a question of mandatory abstention—not jurisdiction. *Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1229 (8th Cir. 2012); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011); *Graphic Commc'ns Local 1B Health & Welfare Fund "A"*, 636 F.3d at 973–74.

The court believes that at this stage, the more efficient and less prejudicial way to proceed is to deny plaintiff's request for expedited discovery. The court appreciates that plaintiff has attempted to limit its request to a narrow focus. But it does not appear that the information may be as readily available as plaintiff assumes. And the court does not find plaintiff's initial evidence of the applicability of the local controversy exception to be as strong as plaintiff contends. If and when plaintiff obtains the information relevant to the local controversy exception, he may move for remand at that time. Other courts have followed this approach. *See, e.g.*, *Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2011 WL 5557528, at *6 (D.N.J. Nov. 15, 2011); *Waithe v. Arrowhead Clinic, Inc.*, No. 409-021, 2010 WL 5463106, at *4 (S.D. Ga. Dec. 29, 2010); *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, No. 06-5108, 2007 WL 162813, at *3 (E.D. La. Jan. 18, 2007) ("The burden of proving the local controversy exception to the CAFA clearly rests with plaintiff. The Court finds no need, however, to require the production of any information from defendant or expedite the discovery process that the parties will undoubtedly conduct. Plaintiff is free to move for remand if and when the appropriate information relevant to subject matter jurisdiction becomes available."). Of course, it is also true that some courts have allowed discovery before considering whether the local controversy exception applies. *See, e.g.*, *Barricks v. Barnes-Jewish Hosp.*, No. 11-1386, 2012 WL 1230750, at *2

(E.D. Mo. Apr. 12, 2012). This court, however, holds that expedited discovery is not warranted here because of a combination of the unique considerations in this case: this is not truly a jurisdictional question; plaintiff will not be prejudiced by allowing the case to proceed in the ordinary course; and plaintiff has not shown that judicial efficiency will be gained by prioritizing his specific discovery requests over other discovery and case scheduling matters. The court denies plaintiff's motion for expedited jurisdictional discovery.

## II. Plaintiff's Motion to Stay Proceedings Except for Those Related to Remand and Jurisdictional Discovery (Doc. 19)

In light of the court's expedited discovery ruling, there is no need to stay proceedings. The court denies this motion as moot.

## III. Plaintiff's Motion for Remand (Doc. 14)

As noted above, plaintiff moves for remand on the basis of the local controversy exception to CAFA jurisdiction. Plaintiff has supported his motion with some evidence, but admits in his reply that he is "unable to fully and efficiently file his reply regarding the Motion to Remand until the Court first rules on the pending Motion to Stay and Motion for Jurisdictional Discovery." (Doc. 31 at 1.) At this stage in the case, plaintiff has not met his burden of showing that remand is appropriate. It is possible that further discovery, however, will demonstrate that the local controversy exception applies. The court denies plaintiff's motion to remand without prejudice to refiling if plaintiff obtains information in discovery indicating that the exception applies.

## IV. Defendants' Motion to Dismiss (Doc. 7)

To date, plaintiff has not responded to defendants' motion to dismiss. Upon an unopposed motion, the court granted plaintiff an extension of time until September 3, 2013 to respond, but plaintiff did not file a response. Because the court has now ruled on the other pending motions, the court will sua sponte grant plaintiff an additional three weeks to respond to defendants' motion.

Plaintiff's response is due twenty-one days from the date of this order, and defendants' reply is due fourteen days after plaintiff files his response.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Jurisdictional Discovery and Expedited Responses (Doc. 16) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings Except for Those Related to Remand and Jurisdictional Discovery (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (Doc. 14) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must file a response to Defendants' Motion to Dismiss (Doc. 7) within twenty-one days of the date of this order. Defendants may reply within fourteen days of plaintiff's response.

Dated this 13th day of November, 2013, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**