IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD CATRON, individually and
on behalf of those similarly situated, )
)
                 Plaintiffs, )
)
v. ) Case No. 13-4073-CM-KGG
)
COLT ENERGY, INC., *et al.*, )
)
                 Defendants. )
_____ )

**MEMORANDUM AND ORDER**

Before the Court is Defendants' "Motion to Stay Discovery or, Alternatively, Motion for Protective Order" (Doc. 52), seeking an Order from the Court staying discovery until the District Court rules on Defendants' Motion to Dismiss (Doc. 50) or, in the alternative, entering a Rule 26 Protective Order that Defendants need not respond to discovery "until two weeks after the Court rules on Defendants' Motion to Dismiss . . . ." (Doc. 53, at 7.) For the reasons set forth below, Defendants' motion is **GRANTED**.

It is the general policy of this District not to stay discovery, notwithstanding the existence of pending dispositive motions. ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994). Four exceptions to this policy have been recognized:

    (1) the case is likely to be finally concluded via the

> dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.

***Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ***, No. 1304119-KHV, 2013 WL 6728323, *1 (D.Kan. Dec. 19, 2013); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D.Kan.1990).  The decision whether to stay discovery rests in the sound discretion of the district court.  ***Clinton v. Jones***, 520 U.S. 681, 706 (1997); *see also* ***Kutilek v. Gannon***, 132 F.R.D. 296, 297 (D. Kan. 1990); ***American Maplan. Corp. v. Heilmayr***, 203 F.R.D. 499, 501 (D. Kan. 2001) (stating that a magistrate's non-dispositive pretrial orders are subject to a deferential, "clearly erroneous" standard).

As stated above, a Motion to Dismiss is currently pending before the District Court.  While the undersigned Magistrate Judge is not stating an opinion as to the validity of Defendants' motion or the viability of Plaintiffs' claims, the Court is satisfied that, should the District Court grant Defendants' dispositive motion, the case would be concluded.  Further, because the pending dispositive motion is a Motion to Dismiss, rather than a Motion for Summary Judgment, it will be decided on the sufficiency of the Complaint, not the weight of factual evidence presented by the parties.  ***Smith v. United States***, 561 F.3d 1090, 1098 (10th Cir.2009)

(citation omitted).

As such, the Court finds that requiring Defendants to respond to the requested discovery at the present stage would be wasteful and unnecessarily burdensome. The Court **GRANTS** Defendants' Motion to Stay Discovery. Defendants' deadline to respond to the discovery at issue is suspended. The Scheduling Conference set for June 30, 2014, is cancelled, and will be reset following a denial of the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendants' "Motion to Stay Discovery or, Alternatively, Motion for Protective Order" (Doc. 52) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 23rd day of June, 2014.

                                    S/ KENNETH G. GALE
                                    KENNETH G. GALE
                                    United States Magistrate Judge