IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD CATRON, individually, and on behalf of those similarly situated, ) ) ) Plaintiff, ) ) v. ) ) COLT ENERGY, INC., et al., ) ) Defendants. ) ) | Case No. 13-4073-CM |

## MEMORANDUM AND ORDER

Plaintiff Richard Catron filed this case in the District Court of Wilson County, Kansas, individually and on behalf of those similarly situated. Plaintiff claims that defendants Colt Energy, Inc.; Layne Energy Resources, Inc.; and Layne Energy Operating, LLC violated law prohibiting restraint of trade in leasing minerals in Southeast Kansas. Defendants removed the case to federal court, basing removal on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Upon a motion to dismiss filed by defendants, this court rejected some of plaintiff's damages theories and dismissed one of plaintiff's claims. The case is now before the court on three interrelated motions: Defendants' Motion to Dismiss (Doc. 74); Motion to Intervene as Named Plaintiffs by Steven B. Friess Irrevocable Trust and Steven B. Friess Living Trust (Doc. 84); and Plaintiff's Motion to Join Steven B. Friess Irrevocable Trust and Steven B. Friess Living Trust as Named Plaintiffs and for Leave to File "Third Amended Complaint – Class Action" (Doc. 87). Because defendant's motion to dismiss calls into question this court's jurisdiction, the court must address that motion first.

Defendants claim that the named plaintiff—Richard Catron—lacks standing to pursue the remaining cause of action. The court agrees. The complaint alleges that defendants entered into an agreement to divide the market for leases in 2004 or 2005. But plaintiff Catron entered into his

-1-

contract on July 3, 2001, taking him out of the putative class.  He lacks standing to bring this action, which deprives the court of subject matter jurisdiction.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986) (considering standing a question of subject matter jurisdiction).  The court must therefore decide whether to remand the action to state court or dismiss it.[1]

The statute governing procedures after removal addresses remands based on lack of subject matter jurisdiction: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  This command is mandatory.  *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c) . . . on their face, give no discretion to dismiss rather than remand an action.  The statute declares that, where subject matter jurisdiction is lacking, the removed case shall be remanded." (internal quotation marks, citation, and ellipses omitted)); *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1226 (10th Cir. 2012) ("The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." (citation and internal quotation marks omitted)).

Defendants ask the court to apply a futility exception to this mandatory rule.  In support, defendants cite several cases from other circuits and other districts.  *See, e.g.*, *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1990) ("Because we are certain that a remand to state court would be futile . . . [t]he district court correctly denied the motion to remand and dismissed the state claims."); *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 41 (2d Cir. 1991) ("[R]emand might be improper if it would be futile, as it would be if the state court could not exercise jurisdiction over [the] claim against

---

[1] Plaintiff raised the argument that the case should be remanded (rather than dismissed) in his reply brief to his motions to intervene and join—not in response to defendants' motion to dismiss.  In this same reply brief, plaintiff conceded that he lacks standing, although this was not his position in plaintiff's response to defendants' motion to dismiss.  The court does not condone this method of "cross-briefing," but believes that under the circumstances of this case, any prejudice to defendants has been effectively cured.  The court allowed defendants to file a surreply to the motions to intervene and join in order to have full briefing on the remand/dismissal question.

[defendant]." (internal citation omitted)); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) ("A remand thus would be a futile gesture, wasteful of scarce judicial resources, an exercise in which we decline to engage").  The Tenth Circuit also essentially applied the futility exception in *Wolff v. United States*, 76 F. App'x 867, 870 (10th Cir. 2003), determining that dismissal—not remand—was appropriate.  *Wolff* did not specifically refer to its application of the concept as the "futility exception," but the court used the same rationale.  It stated: "We decline to waste further judicial resources by requiring the district court to remand Mr. Wolff's case to the Wyoming state court, which would inevitably dismiss the matter for lack of jurisdiction."  *Id.* at 870.  This decision, however, was based on the sovereign immunity of the United States to suit in state court.  *Id.* at 869–70.

The rationale in these cases has some appeal.  But it also contradicts the plain language of § 1447(c) and the Tenth Circuit's language in *Hill v. Vanderbilt Capital Advisors, LLC*.  The court understands that *Hill's* language is dicta, but finds it persuasive and representative of the better approach.  It is also supported by language in two other Tenth Circuit cases, *Fent v. Oklahoma Water Resources Board* and *Jepsen v. Texaco*.  *Fent* noted that "the courts generally recognize that 'there is no implicit futility exception hidden behind the plain language of § 1447(c).'"  235 F.3d 553, 557 (10th Cir. 2000) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999)).  And *Jepsen* (an unpublished case) held that "[l]ack of standing divests the court of subject matter jurisdiction, and therefore, upon determining that Mr. Jepsen lacked standing to bring suit, the court should have remanded the matter to state court pursuant to 1447(c)."  No. 94-6429, 1995 WL 607630, at *2 (10th Cir. Oct. 16, 1995).  Finally, as noted above, the Tenth Circuit case that affirmed an order of dismissal rather than remand—*Wolff*—involved sovereign immunity, which distinguishes it from the case now before the court.

-4-

This court recognizes the appeal of preserving judicial resources. But the court also believes that the plain language of § 1447(c) controls. Because plaintiff Catron lacks standing, the court lacks subject matter jurisdiction over his claims. The court therefore must remand the case to state court.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 74) is denied.

**IT IS FURTHER ORDERED** that the case is remanded to the District Court of Wilson County, Kansas.

**IT IS FURTHER ORDERED** that the court makes no ruling on the other pending motions (Docs. 84 and 87).

Dated this 29th day of June, 2014, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**